# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DERRICK THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-cv-1409 |
| DR. ANDREW TILDEN, RILIWAN OJELADE, TERRY ARRYRO, and RANDY PFISTER, | ) |
| Defendants. | ) |

## O R D E R  &  O P I N I O N

This matter is before the Court on a Motion for Summary Judgment (Doc. 44) filed by Defendants Andrew Tilden and Riliwan Ojelade. Plaintiff filed a Response (Docs. 48, 49), and Defendants filed a Reply (Doc. 52). Plaintiff subsequently filed an amended Response, but it contained substantially the same content. (Docs. 64, 65). For the reasons explained below, this Motion is granted.

### PROCEDURAL HISTORY

Plaintiff, a prisoner proceeding pro se, alleges Defendants were deliberately indifferent to a serious medical condition, in violation of the Eighth Amendment. Defendants Arroyo and Pfister previously filed a motion for summary judgment on the issue of exhaustion, which was denied on April 1, 2014. (Doc. 54). Defendants Tilden and Ojelade did not move for judgment on the issue of exhaustion, and instead filed the instant Motion for Summary Judgment on the merits on December 17, 2013. (Doc. 44). To allow Plaintiff the opportunity to conduct discovery if necessary, the Court allowed Plaintiff to amend his response to the present Motion,

which he did on July 18, 2014. (Docs. 64, 65). Defendants Arroyo and Pfister have not yet filed a dispositive motion on the merits.

**LEGAL STANDARD**

Summary judgment shall be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences drawn from the facts must be construed in favor of the non-movant. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011).

To survive summary judgment, the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which he bears the burden of proof at trial." *Warsco v. Preferred Technical Grp.*, 258 F.3d 557, 563 (7th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If the evidence on record could not lead a reasonable jury to find for the non-movant, then no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. *See McClendon v. Ind. Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, the court may not resolve issues of fact; disputed material facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## FACTUAL BACKGROUND[1]

Plaintiff has been in IDOC custody since December 2010. While at Shawnee Correctional Center, on July 9, 2011, he complained for the first time of a boil on his buttock that a medical professional had lanced over two years prior, and he believed there had been gauze "packing" placed inside of it that had not been removed, preventing the wound from healing. An x-ray of the area was taken on January 9, 2012, which showed a "2.5 cm triangular shaped opacity" and the doctor writing the report suggested a CT scan to follow up and determine what it was. (Doc. 44-3 at 1). Shortly after the x-ray, a physician at Pinckneyville Correctional Center sought approval through the collegial review process for Plaintiff to see an outside surgeon for consultation. Instead of approving a surgical consult, the review process resulted in a recommendation of a CT scan of Plaintiff's abdomen and pelvis. This CT scan was taken on January 31, 2012, at a hospital in Carbondale, Illinois. The CT revealed that there were no abnormalities or foreign bodies within Plaintiff's buttocks, abdomen, or pelvis. Rather, there was a "benign bone island in the right iliac bone" that likely corresponded with the opacity that appeared on the earlier x-ray. (Doc. 44-7 at 1-2). According to Defendant Tilden's opinion as a physician, undisputed by Plaintiff, a bone island is benign and does not require any follow up or treatment.

In early 2012, Plaintiff was transferred to Pontiac Correctional Center ("Pontiac"). Defendant Andrew Tilden is a physician employed at Pontiac.

---

[1] These background facts are drawn from the parties' respective statements of material facts (Doc. 44 at 2-8; Doc. 65 at 2-5; Doc. 52 at 1-3), and are undisputed unless otherwise indicated.

Defendant Riliwan Ojelade is a physician's assistant at Pontiac. Defendant Tilden first saw Plaintiff on March 30, 2012. Defendant Tilden discovered a boil in his buttock area that caused some drainage. Although Defendant Tilden refers to the boil as tiny and with a small amount of drainage, Plaintiff contends there was a lot of drainage, that it was sore and tender, and that he also complained about the packing inside his wound. Defendant Tilden prescribed a course of antibiotics to treat the boil. Defendant Tilden stated, and Plaintiff does not contest, that antibiotics are recommended to treat boils.

Defendant Tilden next saw Plaintiff on June 17, 2012, in regard to a hunger strike. Plaintiff made no complaint about his boil on this date. On August 14, 2012, Plaintiff again complained to Defendant Tilden about his boil. Defendant Tilden noted the boil had decreased in size to three millimeters, and concluded the antibiotics were helping, and prescribed further antibiotics. Plaintiff contends that on that date, there was drainage and swelling, though not noted in the medical records. After Plaintiff filed the present case, he continued seeing Defendant Tilden. At Plaintiff's next visit, on October 28, 2012, Defendant Tilden again continued to prescribe antibiotics. His records indicate the boil had again gotten smaller and was only two millimeters, though Plaintiff contests this fact. Once again on May 26, 2013, Defendant Tilden found very little drainage and continued with antibiotics. Plaintiff claims there was a large amount of drainage on this date. At Defendant Tilden's final visit with Plaintiff before the present Motion was filed, Plaintiff did not complain of the boil, as he was being treated for other reasons.

Plaintiff insists there is gauze packing inside his wound, and that this packing causes the boil and results in chronic pain, discomfort, and drainage. Defendant Tilden, having reviewed the CT scan results, determined there was no packing or other foreign body inside his wound or in the area, and that prescribing antibiotics was the proper treatment. During this time period, Plaintiff also was seen by Defendant Ojelade on multiple occasions, and complained to him about the same problem. Defendant Ojelade carried out the treatment plan created by Defendant Tilden, and did not refer Plaintiff for surgery.

### ANALYSIS

Plaintiff claims Defendants were deliberately indifferent to a serious medical condition, in violation of the Eighth Amendment. "[D]eliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A plaintiff raising such a claim must prove (1) that there was an objectively serious medical condition, and (2) that the prison officials were deliberately indifferent to the condition. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). A serious condition is one that was diagnosed by a physician as requiring treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). For example, a condition that significantly affects daily activities, or the existence of chronic and substantial pain, may be serious medical conditions. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). To satisfy the second element, the defendant must have been actually aware of the serious medical need, and intentionally disregarded it. *See Matos ex*

5

*rel. Matos v. O'Sullivan*, 335 F.3d 553, 557 (7th Cir. 2003). Deliberate indifference requires a showing of more than gross negligence. *E.g., id.* Even a failure to diagnose or improper treatment that would amount to medical malpractice does not necessarily violate the Eighth Amendment. *Gutierrez*, 111 F.3d at 1374. Rather, treatment decisions must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008) (internal quotation marks omitted). Disagreement with a medical expert's judgment is not sufficient to show deliberate indifference. *E.g., Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007).

The facts of Plaintiff's treatment by Defendants are largely undisputed, except for the details of the size and amount of drainage from Plaintiff's boil at various times. The primary dispute of fact is whether there is, in fact, a foreign body inside Plaintiff's buttock area that is causing this boil. All of the medical evidence in the record indicates there is no foreign body, but Plaintiff insists it is there. Even assuming there is gauze inside his wound that has not been removed, Defendants are still entitled to judgment as a matter of law.

Plaintiff's boil likely qualifies as a serious medical condition, as it was diagnosed by Defendant Tilden, a physician, as needing treatment. The alleged existence of a foreign body in Plaintiff's buttocks, if true, would likely also qualify as a serious medical condition. There is no evidence, however, that the bone island discovered by the CT scan would be a serious medical condition, as Defendant Tilden's undisputed assertion is that it is benign and no treatment is required. The

6

Court thus assumes, without deciding, that the first element is satisfied as to the boil and the foreign body, as the evidence in the record clearly shows that a jury could not find for Plaintiff on the second element.

The undisputed facts show that Defendants were not deliberately indifferent to Plaintiff's boil or to his complaints about the presence of packing in his wound. Regarding the claims of gauze packing in his body, Defendant Tilden reviewed Plaintiff's CT scan and other records, and agreed with the finding in the report that the CT scan conclusively showed there was no foreign body inside of Plaintiff. Defendant Tilden considered Plaintiff's complaints, and found strong evidence that they were mistaken. Even if he was wrong in reaching this conclusion, that does not amount to deliberate indifference. Plaintiff also claims Defendant Ojelade should have used his own judgment to refer Plaintiff to a surgeon despite Defendant Tilden's course of treatment, but there is no indication that Defendant Ojelade had such authority, much less that it amounted to deliberate indifference to fail to make such a recommendation despite the CT scan results.

Regarding Plaintiff's boil, the record also clearly shows a lack of deliberate indifference. When Defendant Tilden first saw Plaintiff and observed the boil, he prescribed antibiotics to treat it. Two visits later, when Plaintiff again complained about the boil, Defendant Tilden noticed a decrease in size, and continued with antibiotics as treatment, even prescribing an additional antibiotic to further the treatment. These two visits are the only relevant incidents prior to Plaintiff filing the present case. Even after the case was filed, Defendant Tilden noted further improvements in his notes and continued with antibiotics as treatment. Although

7

Plaintiff contends that during one or two visits, the drainage or swelling was greater than noted in the medical records, there is still no indication that treatment by antibiotics was improper in any manner, much less such a departure from accepted medical standards as would constitute an Eighth Amendment violation. Plaintiff does not dispute Defendant Tilden's testimony that use of antibiotics is an accepted course of treatment for boils. There is also nothing in the record indicating Defendant Ojelade could have done anything different with respect to treatment of the boil. A reasonable jury could not conclude from the evidence in the record that Defendants Tilden or Ojelade were deliberately indifferent to Plaintiff's medical conditions. Thus, they are entitled to judgment as a matter of law. Plaintiff's claims against these Defendants are dismissed with prejudice.

### REMAINING DEFENDANTS

The remaining Defendants in this case, Defendants Arroyo and Pfister, have not yet requested summary judgment. Dispositive motions are currently due September 3, 2014. Given the analysis above, Defendant Pfister is likely entitled to judgment as a matter of law, because if a prisoner is receiving medical care, a prison official that is not a medical expert "will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (internal quotation marks omitted). Defendant Arroyo, allegedly the medical director at Pontiac, may also be entitled to judgment in her favor. The Court expects Defendants Arroyo and Pfister will move for summary judgment by the dispositive motions deadline. However, in the event no timely summary judgment motion is received from them, the Court may grant summary judgment in their favor *sua*

*sponte*. Accordingly, Plaintiff is hereby on notice of the Court's intent, and may respond with arguments and evidence opposing the propriety of summary judgment by September 29, 2014. *See* Fed. R. Civ. P. 56(f); *Smith v. Bray*, 681 F.3d 888, 903 (7th Cir. 2012) ("[D]istrict courts . . . may grant summary judgment *sua sponte* only if they have given the affected parties advance notice of their intent to do so and a fair opportunity to respond with argument and evidence.").

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 44) is GRANTED. Defendants Tilden and Ojelade are TERMINATED from this case. Plaintiff MAY file a brief by September 29, 2014, with argument and evidence opposing *sua sponte* summary judgment in favor of the remaining Defendants.

Entered this 20th day of August, 2014.

                                           s/ Joe B. McDade
                                        JOE BILLY McDADE
                              United States Senior District Judge