UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DERRICK THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-1409 |
| | ) | |
| DR. ANDREW TILDEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER & OPINION

Matter is before the Court on a Motion for Summary Judgment (Doc. 69) filed by Defendants Randy Pfister and Terry Arroyo, the sole remaining defendants in the present action. The Court previously granted summary judgment in favor of the other defendants and against Plaintiff in an Order & Opinion dated August 20, 2014. For the reasons discussed in that Order & Opinion, in addition to those discussed below, the Defendants' Motion for Summary Judgment (Doc. 69) is granted.

## PROCEDURAL HISTORY

Plaintiff, a prisoner proceeding pro se, brought the present lawsuit alleging deliberate indifference to a serious medical need. On August 20, 2014, the Court granted summary judgment in favor of Defendants Andrew Tilden and Riliwan Ojelade, the medical professionals responsible for Plaintiff's treatment. Because the remaining defendants, Randy Pfister and Terry Arroyo, were not medical professionals, the Court stated its intention to *sua sponte* grant summary judgment in their favor based upon *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005). The Court, however, granted Plaintiff until September 29, 2014 to present argument and evidence opposing the proprietary of summary judgment. Subsequently, Defendants Pfister and Arroyo filed a Motion for Summary Judgment (Doc. 69). Plaintiff did not file a response to either the

Court's Order or Defendants' motion. Defendants also filed a Motion to Supplement Motion for Summary Judgment (Doc. 72) seeking to supplement signed affidavits referenced in their Motion for Summary Judgment. Defendants' Motion (Doc. 72) is granted and the Court will consider the affidavits contained therein.

## BACKGROUND

A detailed account of the facts of this case related to Defendants Tilden and Ojelade is found in the Court's Order & Opinion dated August 20, 2014. In sum, Plaintiff's claims stem from a painful boil on his buttock. Plaintiff alleged that a piece of gauze packing had been left inside the boil during a prior medical procedure and that its presence was causing continued pain, discomfort, and drainage. During treatment, Defendants Tilden and Ojelade reviewed medical evidence and concluded that no foreign material was present in or around the wound, and noted that the boil responded favorably to continued treatment with antibiotics. Despite this, Plaintiff contended that these defendants were deliberately indifferent because they failed to remove the gauze packing from the wound, and failed to refer Plaintiff to a surgeon. The Court disagreed and granted summary judgment in favor of Defendants Tilden and Ojelade.

Plaintiff's allegations against the remaining defendants, Pfister and Arroyo, revolve around each defendant's position at the prison. Defendant Pfister is the warden at Pontiac Correctional Center. Defendant Arroyo is the healthcare administrator. Neither defendant is a medical professional. According to Plaintiff, Defendant Pfister was deliberately indifferent because Pfister did not "make the doctors do their job," while Defendant Arroyo is liable because she "did nothing" as it relates to Plaintiff's desire for surgical treatment.

ANALYSIS

Courts in this Circuit have been reluctant to impose constitutional liability upon nonmedical prison officials in cases where the official deferred to the judgment of the medical staff. *See Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (nonmedical prison officials "are entitled to defer to the judgment of jail health professionals" so long as the inmate's complaints are not ignored (citations omitted)); *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008) (no deliberate indifference where nonmedical prison official investigated inmate's complaints and referred then to medical providers who could be expected to address the concerns); *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (no deliberate indifference where nonmedical prison official referred inmate complaints to medical providers). As the court in *Greeno* explained:

> If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno*, 414 F.3d at 656 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). In other words, "the law encourages non-medical security and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry*, 604 F.3d at 440.

Pontiac Correctional Center is a level one maximum security prison that houses approximately 2,000 inmates and employs a staff of over 700 employees. Pfister aff. ¶ 1. In order for Defendant Pfister to effectively manage a prison of this size, he must delegate responsibility to qualified professionals. *Id.* ¶ 2. Although Plaintiff alleges that Defendant Pfister had personal knowledge of Plaintiff's medical issues, there is no evidence to suggest that

Plaintiff's requests for medical treatment were being ignored. Rather, Plaintiff alleges only a disagreement with the medical treatment provided, which is not enough to impose constitutional liability. *See Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (a mere disagreement with the course of medical treatment does not constitute deliberate indifference). As discussed above, Defendant Pfister, as a nonmedical professional, is entitled to rely upon the judgment of trained medical professionals with regards to inmate healthcare without fear of liability. Plaintiff's contention that Defendant Pfister is liable because Defendant Pfister failed to "make the doctors do their job" is entirely contrary to the law of this Circuit, and therefore, cannot stand as a matter of law.

For the same reasons, Defendant Arroyo cannot be liable on the basis that she failed to facilitate Plaintiff's desire for surgical treatment. Defendants Tilden and Ojelade exercised medical judgment and determined that surgery was unnecessary. Defendant Arroyo is entitled to rely upon that judgment and, therefore, is entitled to the grant of summary judgment in her favor.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment (Doc. 69) and Motion to Supplement (Doc. 72) are GRANTED. Defendants Pfister and Arroyo are dismissed. Case is terminated. Parties shall bear their own costs. All pending motions are denied as moot.

Entered this 8th day of April, 2015.

                          *s/Joe B. McDade*
                        JOE BILLY MCDADE
                  UNITED STATES DISTRICT JUDGE